UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____-CIV-_____/_____

AMRO SHEHADEH ALBKEIRAT, on behalf of
himself and others similarly situated,

    Plaintiff,

v.

KURBAN HOSPITALITY, LLC, a Florida Corporation,
d/b/a AMAR DELRAY, and NICOLAS KURBAN,
individually,

    Defendants.
_____/

**COMPLAINT**

    1.    Plaintiff, AMRO SHEHADEH ALBKEIRAT (hereinafter referred to as "Plaintiff"), is an individual residing in Palm Beach County, Florida.

    2.    At all times material to this Complaint, Defendants, KURBAN HOSPITALITY, LLC, a Florida Corporation, and NICOLAS KURBAN, individually (collectively referred to as "Defendants"), have owned and operated a Mediterranean restaurant doing business as AMAR DELRY located at 522 East Atlantic Avenue, Delray Beach, Florida 33483 in Palm Beach County, Florida, within the jurisdiction of the Court.

    3.    Defendant, NICOLAS KURBAN, at all times material to this Complaint has owned and managed KURBAN HOSPITALITY, LLC, and Defendant KURBAN has regularly exercised the authority to hire and fire employees including Plaintiff, determined the manner in which Plaintiff and other employees were compensated, determined how Plaintiff and other employees' hours worked were tracked or recorded, set the rates of pay of Plaintiff and other employees, and/or controlled the finances and day-to-day management operations of KURBAN HOSPITALITY,

LLC  By virtue of such control and authority, Defendant KURBAN is an employer of Plaintiff and the other employees of KURBAN HOSPITALITY, LLC similarly situated to Plaintiff as defined by the FLSA, 29 U.S.C. §203(d).

4. Plaintiff brings this action on behalf of himself and other current and former non-exempt restaurant employees of Defendants similarly situated to him, however variously titled, for unpaid overtime wages, liquidated damages, and the costs and reasonable attorneys' fees of this action under the provisions of the FLSA, 29 U.S.C. §216(b).

5. Jurisdiction is conferred on this Court by 29 U.S.C. §216(b) and 28 U.S.C. §1337.

6. All of the events, or a substantial part of the events, giving rise to this action occurred in Palm Beach County, Florida, within the jurisdiction of the United States District Court for the Southern District of Florida, West Palm Beach Division.

7. At all times material to this Complaint including but not necessarily limited to during the years of 2020, 2021, 2022, and 2023, Defendant, KURBAN HOSPITALITY, LLC, has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce.  In this regard, Plaintiff alleges based upon information and belief, and subject to discovery, that at all times material to this Complaint including during the years 2020, 2021, 2022, and 2023, Defendant, KURBAN HOSPITALITY, LLC, has employed two (2) or more employees who, *inter alia*, regularly: (a) handled, worked with, and sold food and beverage products including but not limited to—by way of example—chicken, steak, lamb, seafood, pita, salads, vegetables, Coca-Cola and other sodas, teas, and coffee along with beer and wine, which goods and materials were moved in or produced for commerce; (b) handled and worked with kitchen equipment such as ovens, freezers, and other commercial kitchen products as well as cleaning supplies, which were goods and/or materials

moved in or produced for commerce; and (c) processed credit, debit, and/or electronic payments for customers of Defendants' restaurant through banks, credit card vendors, and/or merchant services companies in interstate commerce.

8. Based upon information and belief, the annual gross sales volume of Defendant, KURBAN HOSPITALITY, LLC, was in excess of $500,000.00 per annum at all times material to this Complaint, including but not necessarily limited to during the years of 2020, 2021, 2022, and 2023.

9. At all times material to this Complaint, including but not necessarily limited to during the years of 2020, 2021, 2022, and 2023, Defendant, KURBAN HOSPITALITY, LLC, has constituted an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §203(s).

10. During the three (3) year statute of limitations period between approximately January 2023 and April 2023, Plaintiff performed labor as an hourly, non-exempt Line Cook in Defendants' Mediterranean restaurant in Delray Beach, Florida, with Plaintiff's primary job duties consisting of preparing and cooking food served to Defendants' customers.

11. Throughout Plaintiff's employment with Defendants during the three (3) year statute of limitations period between approximately January 2023 and April 2023, Plaintiff regularly worked in excess of Forty (40) hours per week and Defendants paid Plaintiff based upon regular rates between approximately $17.00 per hour and $19.00 per hour but Defendants failed to pay Plaintiff time and one-half wages for the full extent of all of Plaintiff's actual overtime hours worked each week as a result of, *inter alia*: (a) Plaintiff performing work that was not recorded by Defendants (i.e., off the clock for Defendants) with the knowledge of and/or at the direction of Defendant KURBAN; (b) Defendants paying straight-time wages for some of the overtime hours

3

worked by Plaintiff; and (c) Defendants paying Plaintiff part of his wages in cash.

12. Likewise, the other employees of Defendants who are similarly situated to Plaintiff regularly worked as non-exempt restaurant employees, however variously titled, in excess of Forty (40) hours in one or more work weeks during their employment with Defendants within the three (3) year statute of limitations period between June 2020 and the present.

13. However, Defendants also failed to pay time and one-half wages for all of the actual overtime hours worked by the other non-exempt restaurant employees, however variously titled, similarly situated to Plaintiff for all of their actual overtime hours worked within the three (3) year statute of limitations period between June 2020 and the present.

14. The additional persons who may become Plaintiffs in this action are Defendants' non-exempt restaurant employees, however variously titled, who worked for Defendants in one or more weeks between June 2020 and the present without being paid time and one-half wages for all of their actual hours worked in excess of Forty (40) hours per week for Defendants.

15. During the three (3) year statute of limitations period between approximately January 2023 and April 2023, Plaintiff regularly worked an average of Five (5) days per week with start times between approximately 11:00 a.m. to 2:00 p.m. and stop times between approximately 10:00 p.m. to 11:00 p.m., regularly working between approximately Forty-Fifty (45) and Fifty-Five (55) hours per week.

16. Subject to discovery, based upon Plaintiff working during a total of approximately Twelve (12) work weeks for Defendants between January 2023 and April 2023 and Defendants owing Plaintiff: (a) $599.50 in half-time overtime wages from the half-time rates of $8.50/hour and $9.50/hour for hours worked in excess of Forty (40) hours per week for which straight-time wages were paid by Defendants [($8.50/hour x 18 OT hours = $153.00) + ($9.50/hour x 47 OT

4

Hours = $446.50)] = $599.50]; and (b) $1,107.00 in time and one-half overtime wages for overtime hours worked by Plaintiff for which Defendants failed to pay Plaintiff altogether and unpaid overtime being owed at the time and one-half rates of $25.50/hour and $28.50/hour [($25.50/hour x 30 Unpaid OT hours = $765.00) + ($28.50/hour x 12 Unpaid OT Hours = $342.00) = $1,107.00], Plaintiff's unpaid overtime wages total approximately **$1,706.50** [$599.50 + $1,107.00 = $1,706.50],

17. Based upon information and belief, while records of some of the hours worked by Plaintiff and the other similarly situated employees during the three (3) year statute of limitations period between June 2020 and the present are in Defendants' possession, custody, and control from an electronic time record system, Defendants have failed to maintain accurate records of all of the actual start times, stop times, number of hours worked each day, and total hours actually worked each week by Plaintiff and other similarly situated non-exempt restaurant employees, however variously titled, during each week between approximately June 2020 and the present as required by the FLSA, 29 C.F.R. §516.2(a)(7).

18. At all times material to this Complaint, Defendants had knowledge of the hours worked by Plaintiff and other similarly situated employees, however variously titled, in excess of Forty (40) hours per week during the three (3) year statute of limitations period between approximately June 2020 and the present, but Defendants nonetheless willfully failed to compensate Plaintiff and the others similarly situated to him at time and one-half their applicable regular rates of pay for all of their overtime hours worked for Defendants, with Defendants instead accepting the benefits of the work performed by Plaintiff and the other employees without paying all of the time and one-half overtime compensation required by the FLSA, 29 U.S.C. §207.

19. The complete records reflecting the compensation paid by Defendants to Plaintiff

and all other similarly situated non-exempt restaurant employees, however variously titled, at during the three (3) year statute of limitations period between approximately June 2020 and the present are in the possession, custody, and/or control of Defendants.

## COUNT I
## OVERTIME VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

20. Plaintiff, AMRO SHEHADEH ALBKEIRAT, readopts and realleges the allegations contained in Paragraphs 1 through 19 above.

21. Plaintiff is entitled to be paid time and one-half of his applicable regular rate of pay for each hour he worked for Defendants as a non-exempt Line Cook in excess of Forty (40) hours per work week during the three (3) year statute of limitations period between approximately January 2023 and April 2023.

22. All similarly situated non-exempt restaurant employees, however variously titled, of Defendants are also entitled to be paid time and one-half of their applicable regular rates of pay for each and every overtime hour they worked for Defendants but were not properly compensated for working on Defendants' behalf during any work weeks within the three (3) year statute of limitations period between approximately June 2020 and the present.

23. Defendants knowingly and willfully failed to pay Plaintiff and the other non-exempt restaurant employees, however variously titled, similarly situated to him at time and one-half of their applicable regular rates of pay for all hours worked for Defendants in excess of Forty (40) per week in numerous work weeks within the three (3) year statute of limitations period between approximately June 2020 and the present.

24. At all times material to this Complaint, Defendants had constructive and actual notice that Defendants' compensation practices did not provide Plaintiff and other non-exempt restaurant employees, however variously titled, with time and one-half wages for all of their actual

overtime hours worked between approximately June 2020 and the present based upon, *inter alia*, Defendants knowingly failing to pay time and one-half wages for all of the actual hours worked in excess of Forty (40) hours per week by Plaintiff and other similarly situated employees, and instead failing to pay time and one-half wages for the overtime hours that Defendants knew had been worked for the benefit of Defendants.

25. By reason of the said intentional, willful, and unlawful acts of Defendants, all Plaintiffs (the named Plaintiff and those similarly situated to him) have suffered damages plus incurring costs and reasonable attorneys' fees.

26. Based upon information and belief, at all times material to this Complaint, Defendants did not have a good faith basis for their failure to pay time and one-half wages for all of the actual hours worked by Plaintiff and the other similarly situated non-exempt restaurant employees, however variously titled, as a result of which Plaintiff and those similarly situated to him are entitled to the recovery of liquidated damages from Defendants pursuant to 29 U.S.C. §216(b).

27. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover from Defendants all reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the FLSA.

28. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, AMRO SHEHADEH ALBKEIRAT and any current or former employees similarly situated to him who join this action as Opt-In Plaintiffs, demand judgment against Defendants, jointly and severally, KURBAN HOSPITALITY, LLC, d/b/a AMAR DELRAY, and NICOLAS KURBAN, for the payment of all unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including

prejudgment interest.

**JURY TRIAL DEMAND**

Plaintiff demands trial by jury on all issues so triable.

Dated:  June 27, 2023                              Respectfully submitted,

                                                   By:   **KEITH M. STERN**
Keith M. Stern, Esquire
Florida Bar No. 321000
E-mail:  employlaw@keithstern.com
LAW OFFICE OF KEITH M. STERN, P.A.
80 S.W. 8th Street, Suite 2000
Miami, Florida 33130
Telephone:  (305) 901-1379
Fax:  (561) 288-9031
Attorneys for Plaintiff